**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2411
_____

EUSTACE SIMON,
                    Petitioner
v.

ERIC HOLDER, Attorney General,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-493-424)
Immigration Judge: Hon. Eugene Pugliese
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 12, 2011
_____

Before: SLOVITER, FUENTES, and GARTH, Circuit Judges

(Opinion Filed: August 17, 2011)

_____

OPINION

_____

GARTH, Circuit Judge:

Eustace Simon petitions this Court for review of the Board of Immigration Appeals' (BIA) denial of his motion for reconsideration. We will grant Simon's petition for review, and hold that the BIA abused its discretion in failing to apply the principles set forth in *In re Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), to Simon's case. Accordingly, we will vacate the order of removal, and will remand the matter to the BIA to reconsider Simon's motion for a continuance under *Hashmi* and *In re Rajah*, 25 I. & N. Dec. 127, 130 (BIA 2009).

I.

Simon is a native and citizen of Guyana who entered the U.S. in 1994 on a tourist visa with permission to remain for six months, and remained in the U.S. after that period. Simon is presently the beneficiary of an approved I-130 immediate relative petition, and an approved I-140 work petition.

Simon first appeared in Immigration Court in Newark, New Jersey, on February 16, 2006. The Immigration Judge granted an initial continuance to allow Simon to obtain counsel and prepare his case, and thereafter granted three more continuances. At a hearing on July 26, 2007, Simon

provided proof that he had applied for adjustment of status based on the approved petitions, but acknowledged that no visa numbers were immediately available. Simon's attorney asked for a continuance, which the Immigration Judge granted. The Immigration Judge stated that if there was no visa number available on the next court date, he would not grant any further continuances, and informed counsel that once a case had been pending for two years he would start to get "little reminders" about the need to decide the delayed matter. (A. 28.)

On February 7, 2008, the Immigration Judge held the fifth and last hearing in Simon's case. At this time, there was still no visa number available to Simon, and Simon sought a further continuance or administrative closure of the removal case until a visa number was available. In addition to proof of his pending adjustment of status application, he provided evidence of his family ties in the U.S., his good moral character, community involvement, and financial information. Counsel for DHS refused to agree to administrative closure of the case, and the Immigration Judge refused any further continuances and ordered Simon deported to Guyana.

Simon appealed the denial of his motion for a continuance to the BIA, which dismissed the appeal on September 23, 2009. The BIA upheld the Immigration Judge's decision and found that "future availability of a visa number is speculative and insufficient to establish good cause for a continuance." (A. 122.) The BIA did not address its recent decision in *Hashmi*, filed in April 2009.

On October 21, 2009, Simon filed a motion to reconsider, arguing that the BIA committed error by failing to

3

address *Hashmi*. On April 19, 2010, the BIA denied Simon's motion to reconsider, holding that the *Hashmi* factors were not applicable because Simon could not establish prima facie eligibility for adjustment: i.e., he could not establish that a visa was immediately available. (A. 2.)

On May 18, 2010, Simon filed his petition for review with this Court.

## II.

In *Hashmi*, filed April 22, 2009, the BIA had set out several factors that immigration judges should consider when evaluating whether to grant a motion for a continuance where the alien had a pending I-130 petition, which, if approved, would render him prima facie eligible for adjustment of status. 24 I. &. N. 785, 787 (BIA 2009).

In *Hashmi*, the BIA set forth five criteria to be considered in evaluating whether to grant a motion to continue removal proceedings pending an adjustment of status application premised on a pending visa petition: "(1) [T]he DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *Id.* at 790. Factors relevant to determining the fourth criteria "include, but are not limited to, the existence of family ties in the United States; the length of the respondent's residence in the United States; the hardship of traveling abroad, and the respondent's immigration history." *Id.* at 792.

4

Significantly, *Hashmi* further stated that though the Immigration Judge could consider procedural factors, compliance with case completion goals was *not* a proper factor to consider. *Id.* at 793-94. Additionally, the number and length of prior continuances "are not alone determinative." *Id.* at 794. Finally, the BIA noted that the Immigration Judge should "articulate, balance, and explain all these relevant factors, and any others that may be applicable." *Id.*

In *In re Rajah*, decided November 12, 2009, the BIA extended the *Hashmi* factors to employment-based visa petitions, form I-140s. 25 I. & N. Dec. at 135-36. The BIA also reemphasized that immigration judges should not rely upon their completion goals in determining whether good cause exists to grant a continuance. *Id.* at 136. Ultimately, the focus is on the overall "likelihood of success on the adjustment application." *Id.* at 130.

*Hashmi* indicates that the third criteria, "statutory eligibility for adjustment of status"—of which visa eligibility is a part—is <u>one</u> of five criteria to be considered in the calculus of whether to grant a motion for a continuance. *See* 24 I. &. N. at 791. Therefore, visa availability should never be the one and only factor considered in a particular case. *See id*. In *Rajah*, the BIA further indicated that visa availability was one aspect to be considered when looking at the third criterion. *See* 25 I. & N. Dec. at 132; *see also id.* at 136 (An individual "*may not* be able to show good cause for a continuance because visa availability is too remote," but "the

Immigration Judge *must* evaluate the individual facts and circumstances relevant to each case.") (emphasis added).[1]

Visa availability is one part of the *Hashmi-Rajah* analysis. Once an immigration judge considers all of the *Hashmi-Rajah* factors, including visa availability, he or she has the discretion to deny a continuance where visa availability is too speculative; but this should only be done after all of the factors are considered. The BIA, in this context as in others, must follow its own precedents, unless it makes a reasoned determination to change or adapt its policy. *See Johnson v. Ashcroft*, 286 F.3d 696, 700 (3d Cir. 2002) (The BIA "acts arbitrarily if it departs from its established precedents without 'announcing a principled reason' for the departure.") (internal citations omitted).

In Simon's case, the Immigration Judge relied upon the remoteness of visa availability and upon timing considerations—his "little reminders," and the fact that previously he had granted four continuances—to deny

---

[1] Although this court suggested in *Khan v. Att'y Gen.*, 448 F.3d 226 (3d Cir. 2006), that the unavailability of a visa alone may be sufficient to support an immigration judge's refusal to continue proceedings, Simon's petition is factually distinguishable from *Khan*. At the time Khan requested a continuance of his removal proceedings, Khan's wife's labor certificate had not yet been approved and no petition had been filed on his behalf. *Id.* at 229. Further, in deciding *Khan*, this Court did not yet have the benefit of the BIA's precedential opinions in *Hashmi* and *Rajah* setting forth the factors immigration judges should consider when adjudicating motions to continue.

Simon's motion. The BIA upheld the Immigration Judge's denial largely based upon the remoteness of visa availability. Neither the Immigration Judge nor the BIA ever analyzed Simon's motion for a continuance pursuant to the *Hashmi-Rajah* requirements.

Subsequently, the BIA stated in its order denying Simon's motion for reconsideration that *Hashmi* did not apply because Hashmi had a visa immediately available to him, whereas Simon did not. However, as we have indicated, visa unavailability is to be considered in conjunction with the other *Hashmi-Rajah* factors. The BIA, having established the principles in *Hashmi* and *Rajah* for granting continuances, must apply those principles. *See Johnson*, 286 F.3d at 700. The *Hashmi-Rajah* factors must be considered every time an alien files a motion for a continuance based on an application for adjustment of status premised on a pending or approved I-130 or I-140 petition.

### III.

We conclude that the BIA abused its discretion in denying Simon's motion for reconsideration and in refusing to apply the principles of *Hashmi* and *Rajah* to Simon's case. We therefore grant the petition for review, we vacate the removal order and the order of the BIA which denied Simon's motion for reconsideration, and we remand to the BIA for further proceedings consistent with this opinion. If necessary, the BIA should remand to the Immigration Judge for his findings.