**IMG-061**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3408
_____

EVELYN OWUSU,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-012-290)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2012

Before:  FUENTES, JORDAN AND VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed: April 26, 2012)
_____

OPINION
_____

PER CURIAM

        In 2001, Evelyn Owusu, a citizen of Ghana, was admitted to the United States on a

B-2 visa.  She overstayed her admission period and was charged with removability

pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C.

§ 1227(a)(1)(B)]. Meanwhile, Owusu applied several times to adjust her status based on her marriage to a United States citizen. Later, however, Owusu and her husband divorced.

In July 2009, Owusu's attorney filed in Immigration Court a motion for a continuance, noting that he would be unable to attend a hearing scheduled for July 16, 2009, because he needed to take a four-month leave from work due to illness. The Immigration Judge ("IJ") denied the motion for a continuance. Owusu appeared without counsel for the July 16, 2009, hearing. In an order entered the same day, the IJ granted voluntary departure and acknowledged the denial of the request for a continuance. Owusu did not file an administrative appeal of that decision. Instead, in September 2009, she filed a motion to reopen and reconsider with the IJ. In that motion, Owusu argued that the IJ abused his discretion by denying the motion for a continuance and requested reopening to allow her to apply for adjustment of status based on her second marriage to a United States citizen. The IJ denied the motion, stating that Owusu and "counsel were previously warned that there would be no further adjournments in this case for any reason; in any event, presence of counsel on July 16 would not have altered the court's decision since [Owusu] still does not have an approved I-130 [relative visa petition] and the case has a history of revoked and withdrawn I-130s." Owusu appealed.

The Board of Immigration Appeals ("BIA") dismissed Owusu's appeal. The Board concluded that the IJ properly denied the motion to reopen, stating that Owusu did not provide proof of an approved visa petition or evidence of prima facie eligibility for

2

relief from removal. The BIA also agreed with the IJ's denial of the motion to reconsider the denial of her request for a continuance. According to the Board, the IJ had warned Owusu that no further continuances would be granted, she failed to establish good cause for a continuance because she had been granted multiple continuances in the past, and she did not appear to be eligible for any relief from removal on the date of her last hearing. Owusu filed a petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252],[1] and review the BIA's denial of Owusu's motion to reopen and for reconsideration for abuse of discretion. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). When, as here, "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

The BIA did not abuse its discretion in affirming the IJ's denial of Owusu's motion to reopen. As noted, Owusu sought to reopen the proceedings so she could apply for adjustment of status based on her marriage to her second husband. A motion to reopen to apply for adjustment of status based on a marriage entered into after removal

---

[1] Owusu argues that her prior counsel was ineffective and states that she has complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). This argument was not raised before the BIA and is thus unexhausted. We lack jurisdiction to review unexhausted arguments. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

3

proceedings are commenced may be granted if several conditions are met. In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002). One of these conditions is that "the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide." Id.; see also INA § 245(e)(3) [8 U.S.C. § 1255(e)(3)]. An approved I-130 petition based on marriage "will be considered primary evidence of eligibility for the bona fide marriage exemption." 8 C.F.R. § 1245.1(c)(8)(v). In this case, the BIA agreed that Owusu failed to make a prima facie showing that her marriage was bona fide. In particular, the BIA noted that Owusu did not have an approved I-130 petition, that the revocation or withdrawal of her first husband's visa petition "cast[] doubt on the prima facie approvability of the instant petition," and that she did not provide evidence that the underlying visa petition was approvable. Indeed, while Owusu provided a certificate establishing the existence of her marriage to her second husband, that evidence was not probative of the bona fides of the marriage. 8 C.F.R. § 204.2(a)(1)(iii)(B) (describing evidence that may demonstrate that a marriage is bona fide). Owusu argues that her "case was not evaluated with respect to its individual and unique set of facts and circumstances." Notably, though, she does not claim that the IJ overlooked any evidence presented in support of her motion to reopen, nor does she identify any evidence establishing that her second marriage was bona fide.

The BIA also properly rejected Owusu's contention that the IJ should have granted her request for a continuance. We review the decision to deny a continuance for abuse of discretion. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003). "The question of

4

whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Id. (quoting Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988)). An IJ "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29. "[T]he BIA [has] set forth five criteria to be considered in evaluating whether to grant a motion to continue removal proceedings pending an adjustment of status application premised on a pending visa petition: '(1) [T]he DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.'" Simon v. Holder, 654 F.3d 440, 442 (3d Cir. 2011) (quoting In re Hashmi, 24 I. & N. Dec. 785, 790 (BIA 2009). In Simon, we granted the petition for review because the BIA did not evaluate the motion for a continuance pursuant to those criteria. Id. at 443 (holding that the "factors must be considered every time an alien files a motion for a continuance based on an application for adjustment of status premised on a pending or approved I-130 . . . petition.").

Here, by contrast, the Board adequately considered the Hashmi factors. In particular, the Board concluded that Owusu had "not shown that the underlying visa petition was prima facie approvable or has subsequently been approved." As discussed above, Owusu did not provide evidence of a bona fide marriage to establish prima facie

5

eligibility for adjustment of status. Cf. Morgan v. Gonzales, 445 F.3d 549, 552 (2d Cir. 2006) (holding that IJ did not abuse his discretion in denying a continuance for adjudication of a second visa petition based on same marriage when first such petition was denied for failure to establish bona fide marriage). The BIA also noted that Owusu had been granted multiple continuances and warned that no further continuances would be granted. These procedural factors are proper considerations, although "the number and length of prior continuances 'are not alone determinative.'" Simon, 654 F.3d at 442 (quoting Hashmi, 24 I. & N. Dec. at 794). The Board further recognized that "an earlier visa petition filed by a different United States citizen spouse had apparently been revoked or withdrawn." See Hashmi, 24 I. & N. Dec. at 792 (noting that prior visa petitions "or other evidence of potential fraud or dilatory tactics may impact the viability of the visa petition underlying the motion."). Finally, the Board properly acknowledged that Owusu was not prejudiced by the inability of her attorney to attend the hearing on July 16, 2009. Id. at 787 (stating that "an Immigration Judge's discretionary decision denying a continuance will not be reversed on appeal unless the respondent establishes that the denial caused him actual prejudice and harm, and it materially affected the outcome of his case."). Owusu has failed to demonstrate that her attorney's attendance at the hearing would have affected the IJ's decision to deny the motion to reopen, which was based in part on the absence of an approved visa petition. Cf. Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (stating that petitioner "cannot show that he has been prejudiced by the IJ's denial of his continuance motion because there is no evidence as to when, if ever,

his wife's Labor Certification might be granted."). Under these circumstances, we agree with the BIA that the IJ did not abuse his discretion in denying Owusu's request for a continuance.

For the above reasons, we will deny the petition for review.