**IMG-071**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4216
_____

KURVIN WILFRED CONSTABLE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A87-201-774)
Immigration Judge:  Honorable Irma Lopez Defillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012
Before:  AMBRO, ALDISERT AND NYGAARD, Circuit Judges

(Opinion filed: May 17, 2012)
_____

OPINION
_____

PER CURIAM

Kurvin Wilfred Constable, a citizen of St. Lucia, entered the United States as a

visitor for pleasure in July 2007, with authorization to remain for 6 months.  Constable

overstayed his admission period.  In June 2008, he applied to adjust his status based on a

visa petition filed by his United States citizen wife. The United States Citizenship and Immigration Services ("USCIS") denied the visa petition, concluding that Constable's marriage was entered into solely for the purpose of conveying immigration benefits. Constable's wife appealed the denial of the visa petition to the Board of Immigration Appeals ("BIA"). Ultimately, Constable and his wife divorced.

Meanwhile, in November 2009, Constable was served with a notice to appear which charged him with removability for overstaying his admission period. See Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)]. He conceded removability and asked only for voluntary departure. See INA § 240B(a) [8 U.S.C. § 1229c(a)]. The Immigration Judge ("IJ") granted the request, warning Constable in writing that if he sought to reopen his case during the voluntary departure period, "the alternative order of removal will take effect immediately."

Despite that warning, Constable filed a motion to reopen during the voluntary departure period. He asked the IJ to withdraw the voluntary departure order, stating that he wanted to remain in the United States while the BIA reviewed the USCIS's denial of the visa petition. The IJ denied the motion to reopen, holding that Constable did not rely on any new information that "was unknown to him at the time he requested and received voluntary departure." In this connection, the IJ noted that Constable "opted not to request a continuance" even though the visa petition appeal was pending when he requested voluntary departure. Finally, the IJ concluded that Constable was ineligible for adjustment of status because the visa petition had been denied.

2

Constable appealed, asking the BIA to reverse the IJ's decision and remand for a new decision on his motion to reopen. The Board dismissed the appeal, holding that "in view of the denial of the . . . visa petition, [Constable] is not eligible for adjustment of status as a matter of law." In the context of addressing Constable's request for a remand, the Board noted that he had not submitted evidence indicating a "likelihood of success relat[ed] to the prospective visa petition." The BIA also concluded that there was no authority or justification for Constable's claim that the IJ should have treated his motion to reopen as a request for a continuance. Constable filed a petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252], and review the BIA's order affirming the denial of Constable's motion to reopen for abuse of discretion. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Generally, motions to reopen "are granted only under compelling circumstances" and are "'disfavored [because] . . ., as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Id. at 561-62 (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)).

In order to succeed on a motion to reopen, the alien must, among other things, establish a prima facie case for the relief sought. Id. at 563. The prima facie standard requires the alien to produce objective evidence showing a reasonable likelihood that he can establish eligibility for the underlying relief. See Sevoian v. Ashcroft, 290 F.3d 166,

3

173-74 (3d Cir. 2002).  Constable sought to reopen the proceedings so that he could pursue an application for adjustment of status.  To be eligible for that form of relief, Constable needed to demonstrate that he was the beneficiary of an approved visa petition.  See Coraggioso v. Ashcroft, 355 F.3d 730, 733 (3d Cir. 2004).  A visa petition may not be approved if "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws."  INA § 204(c) [8 U.S.C. § 1154(c)]; see also 8 C.F.R. § 204.2(a)(1)(ii).  Here, the USCIS concluded that Constable's marriage was entered into solely for the purpose of obtaining immigration benefits.  Thus, the Board properly held that Constable was not eligible for adjustment of status as a matter of law.  That determination is not affected by the fact that, at the time he filed his motion to reopen, Constable was awaiting the Board's review, in collateral proceedings, of the USCIS's determination that the marriage was not bona fide.  Indeed, as the BIA noted, Constable failed to establish that he was likely to obtain an approved visa petition.  For instance, he provided no evidence indicating that the USCIS overlooked evidence presented in support of the visa petition, nor did he identify any new evidence establishing that his marriage was legitimate.  Thus, the BIA did not abuse its discretion in affirming the IJ's denial of Constable's motion to reopen.

Constable argues that his motion to reopen should have been construed as a motion for a continuance.  We disagree.  The Board has suggested that the substance, not the title, of a submission determines how it is treated.  Cf. Matter of Cerna, 20 I. & N. Dec. 399, 400 (BIA 1991).  Constable, who was represented by counsel, specifically

4

sought to "re-open" the proceedings while he waited for the Board's review of the USCIS's denial of his wife's visa petition. Although he also asked that "his hearing be continued," that request effectively duplicated the relief he sought via reopening. The IJ and the BIA considered the circumstances of Constable's case and found no basis for prolonging the proceedings. In particular, the IJ and the BIA noted that the USCIS had already denied the underlying visa petition; that Constable failed to take advantage of an opportunity, at the time he requested voluntary departure, to seek a continuance based on the BIA's pending review of the visa petition denial; and that there was no evidence indicating that he was eligible to adjust his status. Cf. Simon v. Holder, 654 F.3d 440, 442 (3d Cir. 2011) (addressing criteria to be considered in evaluating whether to grant a motion to continue removal proceedings pending an adjustment of status application premised on a pending visa petition). Under these circumstances, we conclude that there was no error in declining to specifically construe Constable's motion to reopen as a request for a continuance.

Finally, Constable's assertion that the Board failed to independently consider the validity of his marriage is unavailing. Constable claims that he entered the marriage with "good intentions," explains in detail why the marriage failed, and asserts that his "post marriage conduct" demonstrates that he intended to enter into a bona fide marriage. Notably, however, the BIA's authority to consider Constable's motion to reopen his removal proceedings did not extend to the USCIS's determination that Constable's marriage was fraudulent. See Matter of Aurelio, 19 I. & N. Dec. 458, 460 (BIA 1987)

5

(holding that "[t]he proceedings in which visa petitions are adjudicated are separate and apart from exclusion and deportation proceedings."). Moreover, as noted above, Constable did not provide any evidence demonstrating the legitimacy of his marriage. In sum, we conclude that the Board did not abuse its discretion in denying Constable's motion to reopen his removal proceedings.

For the above reasons, we will deny the petition for review.