**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1164
_____

GEORGE CHRISTIAN CORDOVA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A074-904-418)
Immigration Judge: Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2012

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: October 10, 2012)
_____

OPINION
_____

PER CURIAM

        George Christian Cordova ("Cordova") petitions for review of the Board of

Immigration Appeals' final order of removal.  For the reasons that follow, we will deny

the petition for review.

Cordova, a native and citizen of Peru, entered the United States on or about January 28, 1994 without being admitted or paroled. On October 26, 2007, the Department of Homeland Security served him with a Notice to Appear for removal proceedings. It is undisputed that Cordova is removable pursuant to Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.

Cordova first appeared before an Immigration Judge on January 15, 2008. He indicated through counsel that he would be seeking cancellation of removal pursuant to INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). The case was continued until March 4, 2008. A second continuance was granted, and on May 22, 2008, a third continuance was granted. On June 9, 2008, Cordova appeared again with counsel and submitted a response to a question on the cancellation of removal application concerning his criminal record.[1] The IJ then noted that, because of Cordova's criminal convictions, additional evidence would need to be submitted to show Cordova's good moral character for the prior ten years.[2] At this same hearing, Cordova's counsel advised the IJ that a visa petition had been filed on Cordova's behalf. The IJ then granted a fourth continuance so

---

[1] Cordova had one conviction for simple assault and two convictions for tampering with public records.
[2] Cancellation of removal under INA § 240A(b)(1) is available to an alien who has been physically present in the United States for at least 10 years, has been a person of good moral character, has not been convicted of a specified criminal offense, and has established that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(A)-(D).

that Cordova could submit a Form I-485 application for adjustment of status. The IJ granted a fifth continuance on August 5, 2008.

On November 24, 2008, Cordova and his counsel again appeared before the IJ, and stated that Cordova was seeking only cancellation of removal and voluntary departure; he would no longer be seeking adjustment of status. Again, the subject of whether Cordova could show good moral character, given his three convictions, came up, and both Cordova's and the Government's counsel were urged to research the issue. The next hearing was scheduled for September 11, 2009, and Cordova was told by the IJ that the next hearing was "the most important hearing in your case." A.R. 125. The IJ also told Cordova that "[a]ny papers that you want me to see must be received by me absolutely no later than 15 days before the hearing begins." Id. The IJ further told Cordova that "[i]f you bring papers to court it will be too late," and "you need to basically tell me everything that you're planning to do even before the hearing begins…" Id. Cordova answered that he understood. The IJ then reminded Cordova and his counsel that Cordova would be required to prove that he had been in the United States for 10 years, had been a person of good moral character for 10 years, and then the focus would be on his qualifying relative, his young daughter. See id. at 127. Again, Cordova indicated that he understood. See id.

Cordova was the victim of a stabbing on or about August 26, 2009. The IJ reconvened proceedings on September 11, 2009 and noted for the record that Cordova had not submitted evidence or a list of witnesses in support of his cancellation of removal application by the deadline. Although Cordova's evidence was due around the time of

3

the stabbing, no evidence was supplied prior to the stabbing, and Cordova had ample time after November 24, 2008, in which to submit evidence. The IJ concluded that Cordova had failed to submit evidence of continuous physical presence, of hardship to his U.S. citizen daughter, or any other evidence to warrant the exercise of discretion in his favor. Cordova was questioned at the hearing about this lapse, and he admitted that, during the time when he was healthy and prior to the assault in late August, 2009, he never went to his counsel's office to give him any documents in support of his case. Accordingly, because the stabbing did not excuse Cordova's inattention prior to late August, 2009, the IJ declined to further continue the proceedings, denied Cordova's cancellation of removal application as abandoned, and granted Cordova voluntary departure. The IJ ordered that Cordova be removed to Peru in the alternative.

Cordova appealed to the Board of Immigration Appeals. In a decision issued on December 28, 2011, the Board dismissed the appeal and reinstated the IJ's grant of voluntary departure. Noting that the IJ has discretion in the matter of granting a continuance, the Board affirmed the IJ's decision not to grant a sixth continuance because Cordova had not shown good cause for a sixth continuance, citing Matter of Rajah, 25 I. & N. Dec. 127 (BIA 2009), and Matter of Hashmi, 24 I. & N. Dec. 785 (BIA 2009). The Board reasoned that the IJ had already given Cordova five continuances. Moreover, the IJ gave him ample notice at the November 24, 2008 hearing that he had to submit evidence in support of his cancellation of removal application 15 days prior to the next hearing, and had taken into consideration that Cordova had been the victim of an aggravated assault in late August, 2009, just before proceedings were to reconvene.

4

However, Cordova had been clearly directed to submit his evidence 15 days before the September 11, 2009 hearing, yet he never communicated with his attorney after November, 24, 2008, nor did he provide his attorney with the necessary evidence (except for a single tax return). The Board agreed with the IJ that Cordova did not make a good faith, diligent effort to proceed with his application and that his inaction supported the conclusion that he had abandoned his claim for relief. The Board concluded that the IJ had been fair in denying a sixth continuance, even in view of Cordova's having recently been the victim of a serious crime, and reiterated that Cordova unfortunately had no justification for his inaction during the nine-month period that preceded the attack.

Cordova has petitioned for review of the Board's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1) over the agency's decision to deny Cordova's cancellation of removal application as abandoned, and we have jurisdiction to review the denial of an alien's request for a continuance, Khan v. Att'y Gen. of U.S., 448 F.3d 226, 233 (3d Cir. 2006). Cordova has argued in his brief that, given the substantial injuries he suffered when he was attacked and stabbed, and the fact that he was incapacitated at the exact time that his evidence was due, the IJ should have granted him an additional continuance. See Petitioner's Brief, at 10.

We will deny the petition for review. Because Cordova indisputably failed to submit evidence of continuous physical presence, of hardship to his U.S. citizen daughter, or any other evidence to warrant the exercise of discretion in his favor, see 8 U.S.C. § 1229b(b)(1)(A)-(D), we address only the agency's conclusion that Cordova failed to show good cause for a sixth continuance and thus abandoned his application for

5

cancellation of removal. An IJ may "grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29. We review an IJ's decision to deny a continuance for abuse of discretion, see Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003), and will reverse it only if the decision is arbitrary, irrational or contrary to law, see Hashmi v. Att'y Gen. of U.S., 531 F.3d 256, 259 (3d Cir. 2008). There are no bright-line rules for resolving whether the denial of a continuance constitutes an abuse of discretion; the issue "must be resolved on a case by case basis according to the facts and circumstances of each case." Ponce-Leiva, 331 F.3d at 377 (quoting Baires v. Immigration & Naturalization Serv., 856 F.2d 89, 91 (9th Cir. 1988)). Relevant considerations may include the nature of the evidence presented and its importance to the alien's claim and the number of continuances already granted. Hashmi, 531 F.3d at 259-61; Baires, 856 F.2d at 91.[3]

We agree with the agency that Cordova did not make a diligent, good faith effort to prepare for the September 11, 2009 hearing, and that his inaction warranted the conclusion that he had abandoned his cancellation of removal application. By his own admission, he had no contact with his attorney after the November 24, 2008 hearing, despite being warned by the IJ that the September 11, 2009 hearing was of the utmost importance. Moreover, after five continuances, Cordova was given enough time after the November 24, 2008 hearing in which to submit evidence in support of his application for cancellation of removal.

---

[3] Cordova withdrew his claim for adjustment of status, and thus this case raises no issue concerning the future availability of a visa number as it relates to the good cause analysis. See generally Simon v. Holder, 654 F.3d 440, 442-43 (3d Cir. 2011).

6

Cordova's argument that he was incapacitated at the time when his evidence was due is insufficient to show good cause because he does not argue that he had, in fact, gathered the required evidence and was prepared to submit it by the deadline; he does not argue that, but for his having been the victim of a crime, he would have submitted his evidence by the deadline. On the contrary, Cordova admitted that, during the time when he was healthy and prior to the assault in late August, 2009, he never went to his counsel's office to give him any documents in support of his case. A.R. 153, 155, 163. Nor does Cordova argue that the deadline – 15 days before the September 11, 2009 hearing – which was set more than nine months earlier, was unreasonable. The deadline for filing the documents was Thursday, August 27, 2009, and so the unfortunate events that occurred on or about August 26, 2009 are not relevant to the good cause analysis, given Cordova's almost complete failure prior to that date to gather evidence in support of his cancellation of removal application. Accordingly, the agency's denial of a sixth continuance was not arbitrary, irrational, or contrary to law. See Hashmi, 531 F.3d at 259.

For the foregoing reasons, we will deny the petition for review.